UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANNON HUGH DANIELS, deceased; decedent's wife, ARIELE ROSTAMO aka ARIELE NELSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, INC., et al.,<br><br>Defendants. | No. 2:21-cv-00277-JAM-JDP<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |

Ariele Rostamo, Susan Adell Daniels, and Joseph Albert Daniels, IV (collectively "Plaintiffs") filed this lawsuit following the death of Cannon Hugh Daniels ("Daniels") against California Forensics Medical Group, Inc. ("CFMG"), Wellpath Management, Inc. ("Wellpath"), Butte County, Sacramento County, and various individual employees of the latter two, alleging a host of civil rights violations relating to the medical care Daniels received while in Butte County's custody. Plaintiffs now seek leave to file a first amended complaint to add ten new defendants to each claim. See Mot. for Leave to File a First Am. Compl. ("Mot."), ECF No. 34. Defendants CFMG and Wellpath opposed, and Plaintiffs replied. See Opp'n, ECF, No. 37; Reply,

ECF No. 38.

For the reasons set forth below, the Court DENIES Plaintiffs' motion.

## I.   BACKGROUND

Daniels entered Sacramento County Jail on December 25, 2018 for a probation violation and was subsequently transferred to Butte County Jail on January 2, 2019. See Compl. ¶¶ 23, 24. While in the care of the latter, Plaintiffs allege Daniels did not receive adequate medical care that caused his death on February 11, 2019 at UC Davis Hospital. See Id. ¶ 31. Plaintiffs filed lawsuit 2:20-cv-00445 ("Daniels I") on February 26, 2020 against Butte County, the Butte County Sheriff's Department, the County of Sacramento, the Sacramento County Sheriff's Department, and Wellpath Management, Inc. See Mot. at 3.  Plaintiffs then learned through written discovery that CFMG should be named in the action. See Id. at 3-4. Plaintiffs asked Daniels I's defendants to agree to the filing of an amended complaint that included CFMG, but their request was denied. See Id.  As a result, Plaintiffs filed a new action, 2:21-cv-0277 ("Daniels II"), naming CFMG and individual Butte County employees as defendants. See Id. at 4.  The parties then agreed via stipulation on May 10, 2022 to a Scheduling Order that states:

> [T]he first case should be dismissed, that the discovery performed under the first case should continue to be valid and useable in the second case, that the individuals named in the second case be dismissed without prejudice, and that **"further amendment of the pleadings, including the joinder of additional parties, should be permitted only upon a showing of good cause."**

2

1  See Id. (emphasis original); See also Scheduling Order ¶¶ 1-
2  8(e) ECF, No. 19.
3        Now, just weeks prior to the close of discovery, Plaintiffs
4  have filed a motion for leave to file a first amended complaint
5  ("motion") that argues the italicized language above allows them
6  to amend their complaint by adding ten new defendants to each
7  allegation.  See Mot. at 4-5.  Every person Plaintiffs want added
8  was employed by CFMG or Wellpath at the time of Daniels' death
9  and involved in Daniels' medical care at Butte County.  See Mot.
10 at 6.  Notably, Plaintiffs do not seek to add or amend their
11 claims, which are four 42 U.S.C. § 1983 claims and four wrongful
12 death/survival action claims under California law.
13       In opposition, Defendants CFMG and Wellpath argue the Court
14 should deny Plaintiffs' motion because: (1) Plaintiffs cannot
15 amend their motion under California law because the statute of
16 limitations governing their claims expired on February 11, 2021;
17 (2) Plaintiffs request is the product of an "unjust delay" since
18 Plaintiffs had documentation identifying the proposed defendants
19 in January 2020 during Daniels I's discovery; and (3) Plaintiffs'
20 proposed amendments do not comply with Federal Rule of Civil
21 Procedure 15(c)(1)(C)(i)(ii)—which governs when an amendment
22 relates back to the original filing date and is accordingly
23 proper.  See Opp'n at 6-13.

                    II.  OPINION
    A.  Legal Standard
        Once the court enters a pretrial scheduling order, Federal
    Rule of Civil Procedure 16(b) governs a party's motion to amend

1  the pleadings. Johnson v. Mammoth Recreations, Inc., 975 F.2d
2  604, 608 (9th Cir. 1992). Under Rule 16, the movant must
3  demonstrate "good cause," which requires the court to evaluate
4  the movant's diligence and "reasons for seeking modification."
5  Id. If the "moving party was not diligent, the inquiry should
6  end." Id.

If good cause exists, parties next must satisfy Federal Rule of Civil Procedure Rule 15. Id. Rule 15 requires the Court to grant leave to amend "when justice so requires" and to do so "with extreme liberality." Forman v. Davis, 371 U.S. 178, 182 (1962); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Although the Court should not grant leave to amend under Rule 15 "automatically," granting leave is appropriate absent a showing of bad faith, undue delay, prejudice to the opposing party, or futility of amendment. In re W. States Wholesale Nat. Gas ("In re W. States"), 715 F.3d 716, 738 (9th Cir. 2013).

B. Analysis

Plaintiffs contend Rule 15's liberal standard governs their request. However, given the Court entered a scheduling order, "consideration of plaintiffs' ability to amend the complaint i[s] governed by Rule 16[], not Rule 15[]." Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232 (E.D. Cal. 1996). As a result, the Court must determine whether Plaintiffs exerted the diligence required to show "good cause" under Rule 16. Johnson, 975. F.2d at 609.

///
///

1    Plaintiffs argue good cause exits here because depositions
2 from October and November of 2022 revealed the potential
3 liability of the individuals Plaintiffs want to add.  See Mot. at
4 5-6.  As a result, Plaintiffs conclude "they only recently
5 ascertained that some individuals are necessary parties to this
6 lawsuit" and that they "could not have discovered all the
7 necessary information sooner to support a good faith belief" as
8 mandated by Federal Rule of Civil Procedure 11.  Id. at 3; see
9 also Fed. R. Civ. P. 11(b)(3) (requiring a pleading's "factual
10 contentions have evidentiary support or, if specifically so
11 identified, will likely have evidentiary support after a
12 reasonable opportunity for further investigation or discovery").
13    Even though Plaintiffs claim their opportunity to depose the
14 proposed defendants arose only recently, Defendants CFMG and
15 Wellpath demonstrate Plaintiffs acquired these individuals'
16 identities when the parties underwent discovery during Daniels I.
17 See Opp'n at 3.  In fact, Defendants CFMG and Wellpath allege
18 that as of January 13, 2020:

> [P]laintiffs were provided with the names of each
> medical provider who had contact with the [D]ecedent,
> as well as record of the nature of the interaction,
> assessment and evaluation of each such provider
> relating to the condition of Cannon Hugh Daniels from
> acceptance at the Butte County jail until transfer to
> the [] hospital.

23 Id.  In turn, Plaintiffs knew of the potential defendants and
24 their involvement with Daniels well before they filed Daniels II.
25 Nonetheless, Plaintiffs motion fails to sufficiently explain why
26 they waited two and a half year after receiving this information
27 to depose the proposed defendants.  Instead, Plaintiffs simply

5

1 | suggest scheduling conflicts in the summer of 2022 hindered their
2 | ability to depose them sooner.  See Mot. at 6.  Therefore, the
3 | Court concludes Plaintiffs failed to exercise the diligence
4 | required to make their request with good cause.  See Eckert Cold
5 | Storage, 943 F. Supp. at 1233 (denying Plaintiffs motion to amend
6 | after finding a scheduling order was entered and Plaintiffs did
7 | not demonstrate diligence when they filed a motion to amend seven
8 | months after receiving documentation that supported the proposed
9 | amendment).

10 | Even if the Court found Plaintiffs' motion complied with
11 | Rule 16, it could not find the same regarding Rule 15 due to the
12 | prejudice Plaintiffs' request would cause the proposed
13 | defendants.  The Court knows "amending a complaint to add a party
14 | poses an especially acute threat of prejudice to the entering
15 | party."  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th
16 | Cir. 1987).  As a result, "[a]voiding prejudice to the party to
17 | be added thus becomes [the Court's] major objective."  Korn v.
18 | Royal Caribbean Cruise Line, Inc., 724 F.2d 1391, 1400 (9th Cir.
19 | 194).  Here, Plaintiffs made their motion just weeks before the
20 | close of discovery, which as Defendants CFMG and Wellpath note,
21 | deprives the proposed defendants of "the opportunity to defend
22 | themselves and to seek a termination of this case by motion as
23 | discovery closes."  See Opp'n. at 9.  As a result, the granting
24 | of Plaintiff's request would clearly prejudice the proposed
25 | defendants and is prohibited by Rule 15 accordingly.
26 | ///
27 | ///
28 | ///

Given the above, the Court denies Plaintiffs' motion. Moreover, because the Court denies Plaintiffs' motion to amend for the aforementioned reasons, it does not need to reach Defendants' other arguments.

### III. ORDER

For the reasons set forth above, the Court DENIES Plaintiffs Motion for Leave to Amend to File a First Amended Complaint.

IT IS SO ORDERED.

Dated: March 8, 2023

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

7